UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| STACIA L. YOON, TRUSTEE, | ) | |
|---|---|---|
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 2:13-CV-031-JD |
| | ) | |
| TERRY L. VANCLEEF | ) | |
| | ) | |
| Appellee. | ) | |

## OPINION AND ORDER

Now before the Court is Stacia L. Yoon's appeal from a decision of the U.S. Bankruptcy Court. Yoon, as the Chapter 7 trustee of Terry L. VanCleef's bankruptcy estate, asks this Court to determine whether the bankruptcy court erred in disallowing claims she submitted on behalf of unsecured creditors. The bankruptcy court entered this order on September 28, 2012, [DE 1-22] and Yoon timely filed her notice of appeal with the bankruptcy court on October 11, 2012 [DE 1]. This appeal has now been fully briefed [DE 7, 16, 18]. Yoon has also filed a motion to strike the Appellee's brief on the grounds that it fails to properly cite to the record and included other improper content [DE 17], and VanCleef filed a response in opposition to that motion [DE 20].

For the following reasons, the Court reverses the bankruptcy court and remands the case to the bankruptcy court for further proceedings.

## BACKGROUND

The facts of this case are uncontested. [DE 7 at 9, 10; DE 16 at 7] On July 27, 2007, VanCleef filed a voluntary petition for Chapter 7 bankruptcy in the U.S. Bankruptcy Court in the

1

Northern District of Indiana. [DE 1-1at 1, 2] Judge J. Philip Klingeberger presided over the bankruptcy proceeding. On August 29, 2007, Yoon filed a "no asset report" [DE 1-21 at 3]; consequently, none of the unsecured creditors received any distribution from VanCleef's estate. Judge Klingeberger ordered a discharge on November 5, 2007 [DE 1-2 at 1] and closed the case on November 8, 2007. [DE 1-3]

A few years later, VanCleef joined a class action suit for a claim that arose prior to his bankruptcy petition, but of which he had not been aware during the pendency of the bankruptcy case. Because VanCleef's lawsuit constituted a new asset that was unreported in the original proceeding, Yoon moved to reopen the bankruptcy case [DE 1-4], and on September 24, 2010, Judge Klingeberger reopened the case [DE 1-5]. The court approved a settlement for VanCleef's suit on August 24, 2011. [DE 1-9]

While the case was reopened, the court sent notice to creditors pursuant to Rule 3002(c)(5) [DE 1-21 at 3, 4] and allowed creditors to submit claims until October 24, 2011 [DE 1-7]. Consequently, Northwest Indiana Cardiovascular submitted a claim for $2,775.12. [DE 1-10 at 1] VanCleef objected to Northwest's claim because it failed to comply with Bankruptcy Rule 3001(c). *Id.* Accordingly, the court accepted VanCleef's objection and disallowed the claim. [DE 1-11] VanCleef also filed a claim against the estate, and Yoon objected. [DE 7-39 at 4-5] The court also disallowed VanCleef's claim because the debtor is unable to file a claim in his own estate. *Id.* These two claims were the only claims that were filed with the court prior to the claims bar date. *Id.*

On November 2, 2011, Yoon, acting in her role as Trustee, filed claims on behalf of all the creditors originally listed in VanCleef's bankruptcy petition who had not filed claims

2

themselves. [DE 7-38 at 1-12] Specifically, the claims mirrored the claims the debtor listed under Schedule F, in which a debtor must state all "creditors holding unsecured nonpriority claims." [DE 1-1 at 15-21, 7-38 at 1-12] In response to Yoon's filings, VanCleef filed an Omnibus Objection on November 28, 2011. [DE 1-14] The court ruled in favor of VanCleef on September 28, 2012 and disallowed the claims, holding that Yoon did not have authority to file the proofs of claims pursuant to 11 U.S.C. § 501(c) or Federal Rule of Bankruptcy Procedure 3004. [DE 1-21 at 7-10, 27] Yoon appeals from this order. [DE 1]

## DISCUSSION

### I. Yoon's Motion to Strike

Yoon has moved to strike the Appellee's brief in its entirety due to a laundry list of alleged defects, primarily relating to improper citations or arguments made for the first time on appeal. [DE 17]. The Court declines to strike the brief, however. Because the issue under appeal is strictly a question of statutory construction, the factual assertions are immaterial to the resolution of this issue and are relevant for context only. Similarly, because the dispositive issue on appeal is a statutory question that was addressed at length by the parties before the bankruptcy court, the Court need not reach any other questions, whether they were previously raised or not. It is therefore unnecessary to strike the Appellee's brief, and Yoon's motion to strike [DE 17] is DENIED.

### II. Yoon's Appeal of the Bankruptcy Court's Order

Yoon appeals from the bankruptcy court's disallowance of her claims. This Court has jurisdiction over this matter under 21 U.S.C. § 158(a)(1). An order by a bankruptcy court disallowing a claim is a final order that is immediately appealable to a district court. *In re Hood*,

449 F. App'x 507, 509 (7th Cir. 2011). The bankruptcy court entered the order disallowing the claims at issue on September 28, 2012, and Yoon filed her notice of appeal with the bankruptcy court on October 11, 2012, thus fulfilling the only jurisdictional prerequisite to this appeal. Fed. R. Bankr. P. 8001(a), 8002(a).

The District Court sits as an appellate court to hear a bankruptcy appeal. *See In re Neis*, 723 F.2d 584, 588 (7th Cir. 1983); Fed. R. Bankr. P. 8013. The court reviews the bankruptcy court's finding of fact for clear error and gives "due regard" to the judge's weight of the witnesses' credibility. Fed. R. Bankr. P. 8013. The Court reviews conclusions of law *de novo*. *In re Smith*, 286 F.3d 461, 465 (7th Cir. 2001). Though the bankruptcy court explored various factual and evidentiary aspects of its conclusion, it based its holding solely on its conclusion that the bankruptcy code does not permit Yoon to file the claims at issue. This Court will accordingly review the bankruptcy court's interpretation of the law *de novo*.

The central question to this appeal is whether the bankruptcy code permits a trustee to file a proof of claim on behalf of unsecured creditors, other than for the benefit of the debtor. In support of her authority to do so, Yoon cites section 501(c) of the bankruptcy code and Federal Rule of Bankruptcy Procedure 3004, which implements section 501(c). Section 501(c) states, in full: "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C. § 501(c). Rule 3004, in turn, states, "If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims . . . ." Fed. R. Bankr. P. 3004.

The Court interprets statutes by first beginning with the text itself. *United States v. Ron*

4

*Pair Enter., Inc.*, 489 U.S. 235, 241 (1989). If the text of the statute is plain, the only function of the Court is to enforce the terms. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000). If the text leads to absurd conclusions or is ambiguous, the Court may look to legislative history to determine Congress's intended meaning. *Pullman-Standard, a Div. of Pullman Inc. v. Interstate Commerce Comm'n*, 705 F.2d 875, 879 (7th Cir. 1983). Otherwise, the Court "must presume that [the] legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992). If the language of the statute is unambiguous, it is unnecessary to consider the legislative history. *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702, 1709 (2012).

The bankruptcy court acknowledged that the provisions at issue here are not facially ambiguous. [DE 1-21 at 27] It found, however, based on the legislative history of section 501(c) and its context within the bankruptcy code, that these provisions were only intended for the benefit of the debtor, not for creditors who failed or refused to file claims on their own behalf. Based on that conclusion, the bankruptcy court held that the code did not authorize Yoon to file the claims at issue here, where the purpose was only to benefit creditors.

The Court agrees with the bankruptcy court that the text of these rules is unambiguous. The Court diverges from the bankruptcy court, however, because it views that conclusion as determinative of the issue here. The code states that if a creditor does not timely file a proof of claim, "the trustee may file a proof of such claim." 11 U.S.C. § 501(c). Yoon did exactly that. The provisions at issue contain no qualifications as to why or to what end the trustee may file such claims. These provisions are clear and unambiguous, and expressly permit the trustee file these claims. *In re Wright*, 300 B.R. 453, 470 (Bankr. N.D. Ill. 2003) (stating that section 501(c)

5

permits a trustee to file a claim for the benefit of a creditor who missed the deadline); *In re Schmidt*, 333 B.R. 868, 870 (Bankr. N.D. Fla. 2005) ("[Section 501(c)] clearly permits the Trustee to file a proof of claim on behalf of a creditor that failed to file one . . . . The statute is clear and unambiguous and, as such, any inquiry into its meaning and intent must begin and end with its language. . . . While the Trustee may not have an affirmative duty to file such proofs of claims, he likewise has no duty to refrain from doing so in order that the Debtor receive a windfall while receiving a discharge in bankruptcy.").

Based on the unambiguous language of these provisions, no further inquiry into this matter is required or permitted. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 565 (2005) (stating that if the omission of an exception from a statute was an "unintentional drafting gap," then "it is up to Congress rather than the courts to fix it"); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Mayflower Tranist,* 615 F.3d 790, 792 (7th Cir. 2010) ("What Congress meant to do, but didn't, is not the law."); *In re Waindel*, 65 F.3d 1307, 1309 (1st Cir. 1995) ("It is of course not enough to posit that Congress *meant* to preserve the certitude of the bar date. One must rely upon the text of the [Bankruptcy] Code, if it is plain, as the definitive guide to congressional intent."). Yoon therefore had the authority under section 501(c) to file the claims at issue, and the bankruptcy court's conclusion to the contrary must be reversed.

The bankruptcy court justified its holding to the contrary based on its consideration of the provision in the larger context of the bankruptcy code. However, the authorities the bankruptcy court cited do not justify this departure from the plain and unambiguous language of the statute. In both *Holloway v. United States,* 526 U.S. 1, 7 (1999) and *Bailey v. United States*, 516 U.S. 137, 143 (1995), the Supreme Court expressly acknowledged that there were multiple plausible

interpretations of the statutory language, and it considered the provisions' place in the context of the statutes as a means of resolving that ambiguity. In contrast, in *United States v. Turkette*, 452 U.S. 576 (1981), which the bankruptcy court also referenced, the Supreme Court addressed an unambiguous provision and held that the appellate court was mistaken for attaching a restriction not apparent from the provision itself where the "language of the statute . . .–the most reliable evidence of its intent–reveals that Congress opted for a far broader definition of the word" in question. *Id.* at 593. Here, the bankruptcy court did not use the context of the provision to resolve any ambiguity and did not tie its conclusion to an interpretation of the statutory language, and the plain language of the provision reveals that Congress did not intend to impose any condition regarding for whose benefit the trustee may file claims. The statutory language must therefore be regarded as conclusive.

      This conclusion does not mean that the claims at issue must be allowed, however, or that VanCleef will not ultimately recover the funds anyway. The fact that section 501(c) does not itself effectuate the intent that the bankruptcy court discerned does not mean that other provisions within the code do not do so. On remand, the bankruptcy court will need to address the substance of VanCleef's objection to the claims. If the claims were executed and filed in accordance with the rules, such that they constitute *prima facie* evidence of the validity of the claims, Fed. R. Bankr. P. 3001(f), (a question on which this Court expresses no opinion), VanCleef will still have an opportunity to oppose them, and if not, the trustee would need to present evidence supporting them, *In re Relford*, 323 B.R. 669, 673 (Bankr. S.D. Ind. 2004). As the bankruptcy court noted in its extensive opinion, the trustee may very well have difficulty defending the claims under these circumstances. These same difficulties would not typically be

present when a trustee submits claims for the benefit of the debtor, which is how the bankruptcy court believes the provisions at issue should be utilized. Even if the claims are allowed, if the bankruptcy court's speculation was correct that the creditors declined to file claims because they had written off or otherwise disposed of the debt, those creditors need not deposit their distributions, in which case VanCleef could apply to the Court to return the remaining bankruptcy estate assets to him. 11 U.S.C. § 347; 28 U.S.C. § 2042; *see In re Atkins*, 343 B.R. 283, 284–85 (Bankr. M.D. Fla. 2005).

In addition, VanCleef suggested that the bankruptcy schedules on which Yoon based the claims may no longer be accurate given that over six years have now passed since their filing. If that is the case, a debtor has the right to amend their schedules at any time prior to the close of bankruptcy. Fed. R. Bankr. P. 1009(a). If the debts in VanCleef's current Schedule F have been paid on his behalf or have otherwise changed, VanCleef can amend the schedule to update the creditors, the amounts of their claims, or to mark the claims as contingent, unliquidated, or disputed, as appropriate.

Finally, VanCleef argued that Yoon violated various fiduciary duties in filing these claims. However, he draws no connection to what effect that would have on this appeal. If he means to suggest that the claims are void because Yoon violated her fiduciary duties by filing them, he has waived that argument by failing to make it or support it with any citation to authority. Fed. R. Bankr. P. 8010(a)(1)(E), 8010(a)(2) ("The argument shall contain the contentions of the [appellee] with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."). If he means to assert some other claim against Yoon for breach of fiduciary duty, then this appeal is an inappropriate

forum in which to do so since such claims would need to be considered in the first instance before being raised on appeal.

Because the only basis on which the bankruptcy court based its holding was that the bankruptcy code did not allow the trustee to file the claims at issue, and because this Court reaches the opposite conclusion, the order of the bankruptcy court must be reversed, and this matter will be remanded to the bankruptcy court for further proceedings.

## CONCLUSION

For the foregoing reasons, the Appellant's motion to strike [DE 17] is DENIED. However, the Court REVERSES the bankruptcy court's order, and REMANDS this case for further proceedings relative to VanCleef's objection to the claims.

SO ORDERED.

ENTERED: September 24, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court